United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TATYANA EVGENIEVNA DREVALEVA,

Plaintiff,

v.

DENIS RICHARD MCDONOUGH, et al.,

Defendants.

Case No. 22-cv-00887-HSG

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Re: Dkt. No. 40

Pending before the Court is Defendants' motion to dismiss. Dkt. No. 40. The Court finds the matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons below, the Court **GRANTS** the motion.

## I. BACKGROUND

### A. Allegations

Plaintiff began working as an EKG technician at the Raymond G. Murphy Veterans Affairs Medical Center in New Mexico ("VA New Mexico Healthcare System") on April 3, 2017.[1] Dkt. No. 1 ¶ 7 ("Compl."). On April 18, 2017, she notified her manager, Carla Dunkelberger, that she planned to request time off to pursue fertility treatment in Russia. *Id.* ¶ 9. Ms. Dunkelberger advised Plaintiff that she was not eligible for leave under the Family and Medical Leave Act ("FMLA") because she had not worked at the VA New Mexico Healthcare System for at least twelve months, and that Plaintiff would need to submit professionally translated medical documentation to request time off. *Id.* ¶ 15. Around this time, Plaintiff

[1] Because a plaintiff's factual allegations are generally taken as true when evaluating the sufficiency of a complaint, facts detailed here are taken from the Complaint and presumed to be true. *See, e.g.*, *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

confided in her co-worker about her fertility struggles and mentioned that she was fifty years old. *Id.* ¶ 20.

In May 2017, Plaintiff told Ms. Dunkelberger that she needed to return to Russia to receive IVF treatment and to refill prescriptions not available in the United States. *See id.* ¶¶ 12–13. Ms. Dunkelberger told Plaintiff that she was not able to approve Plaintiff's requested leave and that she would not be paid if she was not working. *See id.* ¶¶ 15, 19. Plaintiff also approached her unit's assistant manager, Phil Johnson, who gave Plaintiff a form to complete and slip under a manager's door, which Plaintiff did. *See id.* ¶¶ 24–25, 31, 33. Johnson also told Plaintiff, "If you need to go – go!" *Id.* ¶¶ 24, 31. Believing she had verbal permission, Plaintiff left for Russia on May 18, 2017. *Id.* ¶ 35. While in Russia, Plaintiff informed Ms. Dunkelberger that an unexpected surgery to remove a polyp and further need for medical examination necessitated a longer stay in Russia. *See id.* ¶¶ 37–39.

Beginning May 21, 2017, Ms. Dunkelberger placed Plaintiff on "AWOL" status. *See id.* ¶¶ 75. On July 3, 2017, Plaintiff received an email from Ms. Dunkelberger stating that her employment had been terminated on June 30, 2017, due to "attendance issues." *Id.* ¶ 40. The VA New Mexico Healthcare System had also sent a warning letter to Plaintiff's home in New Mexico, but Plaintiff did not receive it because she was in Russia at the time. *See id.* ¶¶ 50–54.

At a videoconference mediation held in September 2017, Ms. Dunkelberger refused Plaintiff's request to reinstate her. *Id.* ¶¶ 54–55. Instead, Ms. Dunkelberger hired two "young male employees" to fill the position. *Id.* ¶ 56. The mediation was unsuccessful. *Id.* ¶ 58.

Plaintiff filed a formal Equal Employment Opportunity ("EEO") complaint on September 19, 2017, asserting discrimination based on sex, disability, and age. *Id.* ¶ 58. Plaintiff noted in the complaint that the VA New Mexico Healthcare System had since hired two younger male technicians who would "not have problems with a pregnancy." *Id.* ¶¶ 56, 59. Plaintiff contends that not only was she unjustly fired, but also that other employees were treated more favorably. *See id.* ¶ 59. For example, Plaintiff reports that another employee named Melanie was allowed to work a limited schedule while pursuing a nursing degree and an employee named Chelsea was pursued by Ms. Dunkelberger for hire because Chelsea already had children. *See id.*

An investigative report was prepared by Dennis Hayo, *see id.* ¶ 74, an EEO Investigator of the Office of Resolution Management ("ORM") of the U.S. Department of Veterans Affairs. *Id.* ¶ 60. Plaintiff received the report in April 2018. *Id*. The ORM requested numerous documents from the VA New Mexico Healthcare System, including interrogatory responses. *See id*. ¶¶ 60–71. Plaintiff contends that Ms. Dunkelberger and Mr. Johnson's answers to interrogatories were substantially identical. *Id*. ¶ 60. Plaintiff also contends that Mr. Johnson "maliciously withheld" material information from Associate Director of Patient Care Services Dr. Tina Prince, who was ultimately the decisionmaker regarding Plaintiff's request for Leave Without Pay. *See id*. ¶¶ 72–73.

Plaintiff also cites as evidence of intentional discrimination that the VA New Mexico Healthcare System provided illegible copies of documents for the EEO investigation. *Id*. ¶ 79. Another VA New Mexico Healthcare System employee, Clifford Speakman, also answered interrogatories but Plaintiff contends Mr. Speakman "played no role in making any decision" concerning Plaintiff's employment. *Id.* ¶¶ 60, 77. Mr. Hayo concluded that Plaintiff's employment had been properly terminated due to Plaintiff's "failure to follow the proper steps to request a Leave Without Pay and for Absence Without Leave." *Id*. ¶ 83. The ORM never issued a determination and did not respond when Plaintiff provided notice of her intent to file a lawsuit. *Id.* ¶ 84. Neither did the U.S. Department of Veterans Affairs. *Id*.

Plaintiff also presents numerous allegations related to her prior cases. For example, Plaintiff alleges that two Assistant U.S. Attorneys criminally concealed material facts and unlawfully filed motions, *id.* ¶¶ 91–92, 118, 121, that a third Assistant U.S. Attorney filed a fabricated declaration and tampered with exhibits, *id.* ¶¶ 97–98, that a former Assistant U.S. Attorney and Judge Alsup colluded against her, *id.* ¶¶ 109–111, and that a fourth Assistant U.S. Attorney concealed material facts and committed defamation of Plaintiff's character, *id.* ¶ 114. Plaintiff argues that because of this "harassment" she has encountered from the courts and Defendants, she has been unable to continue fertility treatment, her menstruation has ceased, and she may have suffered permanent fertility damage. *See id*. ¶ 125.

Plaintiff asserts seventy counts of violations of numerous statues against Defendants.

Plaintiff brings claims for discrimination under Title VII, the Rehabilitation Act, and the ADEA. *See id.* ¶¶ 128–29, 135–38, 139–42, 143–48, 149–61, 162–65, 251–62, 286–93, 310–19, 320–334, 335–41, 342–46, 347–53, 354–57, 358–70, 371–76, 377–82, 383–88, 447, 448–49, 450, 451–53, 454–55, 457–63, 464–68, 469, 470. Plaintiff also brings claims for violations of the FMLA, *id.* ¶¶ 295–301, 302–09, and breach of a union agreement, *id*. ¶¶ 166–73, 174–75, 238–50, 272–81, 282–85, 389–90, 391–97, 398–402, 403–08, 409–11, 412–17, 418–22, 423–26, 427–30, 431–34, 435–36, 437–41, 442–46. Plaintiff brings claims for constitutional violations, *id.* ¶¶ 130–32, 182–85, as well as violations of California and New Mexico state laws and constitutions. *See id.* ¶¶ 133–34, 176–81, 190–93, 196–99, 200–02, 207–10, 211–17, 233–37, 473, 474.

**B. Previous Cases**

Plaintiff has filed numerous lawsuits in this district stemming from Plaintiff's employment claims against the Department of Veterans Affairs.

**i. *Drevaleva v. U.S. Dep't of Veterans Affairs, et al.*, No. 4:18-cv-03748-HSG**

In her first-filed case, Plaintiff asserted claims for gender and pregnancy discrimination, disability discrimination and failure to accommodate, age discrimination, retaliation, defamation, intentional infliction of emotional distress, and due process violations, all arising from her firing at the VA New Mexico Healthcare System. *Drevaleva v. U.S. Dep't of Veterans Affairs*, No. C 18-3748-WHA, 2018 WL 6305612, at *2–4 (N.D. Cal. Dec. 3, 2018). She named as defendants the Department of Veterans Affairs and Peter O'Rourke, who was at the time the Acting Secretary of Veterans Affairs. The court granted defendants' motion to dismiss because Plaintiff had not sufficiently alleged discrimination or retaliation, and her constitutional and state law claims were preempted by the applicable federal antidiscrimination statutes. *Id*. Plaintiff was then denied leave to amend because her proposed amended complaint failed to cure the defects. *Drevaleva v. U.S. Dep't of Veterans Affairs, et al.*, No. C 18-03748 WHA, 2019 WL 3037549, at *3–5 (N.D. Cal. July 11, 2019).

On appeal, the Ninth Circuit held that the district court properly dismissed Plaintiff's Americans with Disabilities Act ("ADA") claim "because the federal government is excluded from the coverage of the ADA"; her ADEA claim because she "failed to allege facts sufficient to



United States District Court
Northern District of California

show that [she] was discriminated against on the basis of her age"; and her "constitutional and state law claims because federal employees are limited to using federal employment laws to redress employment discrimination." *Drevaleva v. U.S. Dep't of Veterans Affairs*, 835 F. App'x 221, 223 (9th Cir. 2020). But the Ninth Circuit reversed the dismissal of Plaintiff's Title VII and Rehabilitation Act claims, holding that her allegations of disability and sex discrimination were sufficient to proceed. *Id.* at 223–24.

On remand, the case was reassigned to this Court, which granted an unopposed motion to transfer the case to the District of New Mexico. After Plaintiff failed to comply with orders barring further filings and ex parte communications with chambers, that court dismissed the case with prejudice as a sanction under the court's inherent authority and entered judgment in favor of the defendants. *Drevaleva v. U.S. Dep't of Veterans Affairs, et al.*, No. 21-cv-761 WJ-JFR, 2021 WL 5083989 (D.N.M. Nov. 2, 2021); *see also Drevaleva v. U.S. Dep't of Veterans Affairs, et al.*, No. 21-cv-761 WJ-JFR, 2021 WL 5416154 (D.N.M. Nov. 19, 2021) (denying reconsideration).

On appeal, the Tenth Circuit affirmed. *See Drevaleva v. United States Dep't of Veterans Affairs*, No. 21-2139, 2022 WL 2662081 (10th Cir. July 11, 2022).

**ii. *Drevaleva v. United States of America, et al.*, No. 4:19-cv-01454-HSG**

In the second of this series of cases, Plaintiff sued the United States, the Department of Veterans Affairs, the ORM, and then-Acting Secretary O'Rourke over the Minneapolis VAMC's decision not to hire her. Defendants' motion to dismiss was granted with prejudice because the court held that the Merit Systems Protection Board ("MSPB") was Plaintiff's sole avenue for relief under the Civil Service Reform Act of 1978 ("CSRA") for the decision not to hire her in Minneapolis. *Drevaleva v. United States*, No. 19-01454 WHA, 2019 WL 4574524 (N.D. Cal. Sept. 20, 2019); *see also Drevaleva v. United States*, No. 19-01454 WHA, 2019 WL 5788576 (N.D. Cal. Nov. 6, 2019) (denying motion to vacate judgment). The Ninth Circuit affirmed. *Drevaleva v. United States*, 829 F. App'x 787 (9th Cir. Nov. 18, 2020).

**iii. *Drevaleva v. U.S. Dep't of Veterans Affairs, et al.*, No. 4:19-cv-02665-HSG**

In "the third of separate lawsuits arising from the same pattern of facts," Plaintiff named the Department of Veterans Affairs and its then-Secretary Robert Wilkie as defendants to claims

of intentional infliction of emotional distress and discrimination based on sex, pregnancy, age, and disability, this time based on the West LA VAMC's decision not to hire Plaintiff. *Drevaleva v. Wilkie*, No. C 19-02665 WHA, 2019 WL 5811435, at *1 (N.D. Cal. Nov. 7, 2019). Granting a motion to dismiss with prejudice, the court held that Plaintiff had not plausibly alleged any of her claims, that her intentional infliction of emotional distress claim failed because Title VII was her only recourse on the facts asserted, and that the Department of Veterans Affairs was an improper defendant. *Id.* at *3–4. The Ninth Circuit dismissed Plaintiff's appeal as frivolous. *Drevaleva v. Dep't of Veterans Affairs*, No. 20-15109, 2020 WL 8300142 (9th Cir. Nov. 16, 2020).

**iv. *Drevaleva v. Dep't of Veterans Affairs*, No. 4:19-cv-05927-HSG**

In December 2018, Plaintiff filed a complaint with the MSPB. *See Drevaleva v. Wilkie*, No. C 19-5927 WHA, 2019 WL 6911632, at *1 (N.D. Cal. Dec. 19, 2019). After the MSPB determined that it lacked jurisdiction because Plaintiff was a probationary employee at the VA New Mexico Healthcare System, Plaintiff appealed to the Federal Circuit, which transferred the case to this district. *See id.* The court dismissed the case, holding that Plaintiff's claims were precluded by the judgment entered in her first case, which had not yet been reversed in part by the Ninth Circuit. *Id.* at *2; see also *Drevaleva v. Wilkie*, No. C 19-05927 WHA, 2020 WL 999671 (N.D. Cal. Mar. 2, 2020) (denying relief from judgment). The Ninth Circuit dismissed Plaintiff's appeal as frivolous. *Drevaleva v. Dep't of Veterans Affairs*, No. 20-15374, 2020 WL 8770483 (9th Cir. Nov. 16, 2020).

**v. *Drevaleva v. United States, et al.*, No. 4:20-cv-00820-HSG**

In early 2020, Plaintiff sued the United States, the Department of Veterans Affairs, and, for the first time, Dunkelberger and Johnson. She asserted claims for violation of the FMLA, fraud, libel, harassment, and intentional infliction of emotional distress, based on her firing in New Mexico and failure to obtain jobs at the VAMCs in Minnesota and West Los Angeles. *Drevaleva v. United States*, No. 20-cv-00820, ECF Dkt. No. 1 (N.D. Cal. Feb. 3, 2020).

The court concluded that, as yet another "repetitive suit[] stem[ming] from the same events," the complaint was "frivolous as duplicative" and constituted an abuse of Plaintiff's *in forma pauperis* status:

> Ms. Drevaleva is entitled to her day in court—she is not entitled to overwhelm the Secretary of Veterans [A]ffairs, and indeed impact other litigants' access to the limited resources of the courts, by filing a multitude of suits at public expense. The public will not be made to fund another front in Ms. Drevaleva apparently endless campaign against the Secretary and Department of Veterans Affairs.

*Drevaleva v. United States*, No. 20-cv-00820, ECF Dkt. No. 10 (N.D. Cal. Mar. 4, 2020). Judge Alsup therefore denied Plaintiff's application to proceed *in forma pauperis* and dismissed her complaint with prejudice. *Id.* The Ninth Circuit dismissed Plaintiff's appeal of this case as frivolous. *Drevaleva v. United States*, No. 20-15596, 2020 U.S. App. LEXIS 35907 (9th Cir. Nov. 16, 2020).

**vi. *Drevaleva v. Glazer, et al.*, No. 4:21-cv-00500-HSG**

In January 2021, Plaintiff asserted claims against the United States, the Department of Veterans Affairs, the Minneapolis VAMC and a hiring official there named Joseph Glazer, Secretary of Veterans Affairs Denis McDonough, Dunkelberger, Johnson, the ORM, and the New Mexico Healthcare System. *See Drevaleva v. Glazer*, No. 21-CV-00500-HSG, 2022 WL 767192, at *3 (N.D. Cal. Mar. 14, 2022). Plaintiff brought claims for violations of the FMLA, fraud, libel, harassment, intentional infliction of emotional distress, pregnancy discrimination, sex and gender discrimination, pregnancy discrimination, age discrimination, disability discrimination, professional negligence, and other constitutional and state law claims. *Id.* All claims were based on Plaintiff's employment disputes with the Department of Veterans Affairs.

Regarding Plaintiff's claims concerning termination and failure to hire, this Court held that "[m]any of Plaintiff's claims against the United States, the Department of Veterans Affairs and its various subdivisions including the Minneapolis VAMC, and Secretary McDonough are duplicative of claims she has previously asserted." *Id.* at *6. The Court concluded that those claims were barred by res judicata and dismissed them with prejudice. *Id*. The Court further found that Plaintiff's claims against Dunkelberger and Johnson and her claim for fraud against the United States were frivolous as "an improper attempt to rehash claims" and dismissed them with prejudice. *Id*. at *6–8. Plaintiff's claims against Glazer were also dismissed with prejudice because Glazer was in privity with federal defendants from a previous case, *Drevaleva v. United*



United States District Court
Northern District of California

*States of America, et al.*, No. 4:19-cv-01454-HSG, precluding Plaintiff's claims. *Id.*

An appeal is pending in the Ninth Circuit. *Drevaleva v. Glazer*, No. 22-15731 (9th Cir.).

**vii. *Drevaleva v. Hayo*, No. 4:21-cv-00684-HSG**

Plaintiff's allegations in *Hayo* overlapped significantly with the allegations in *Glazer*. In *Hayo*, Plaintiff asserted claims against EEO Investigator Dennis Hayo, the West LA VAMC, Dunkelberger, Johnson, the VA New Mexico Healthcare System, the Department of Veterans Affairs, the ORM, Judge Alsup, the U.S. District Court for the Northern District of California, and the AFGE. *See Drevaleva v. Hayo*, No. 21-cv-00684, ECF Dkt. No. 53 (N.D. Cal. July 29, 2021). These claims included allegations of deprivation of Plaintiff's purported constitutional rights, due process, and civil rights; subjection to cruel and unusual punishment, slavery, and involuntary servitude; defamation; conspiracy; discrimination based on national origin, sex, disability, and age; privacy violations; labor violations; professional negligence; intentional infliction of emotional distress; and various claims under both California and Pennsylvania state laws. *See id.*

Like her previous suits, all claims arose from Plaintiff's employment disputes with the Department of Veterans Affairs. Ultimately this Court dismissed *Hayo*, finding Plaintiff's claims frivolous and precluded by prior cases. *Id.*, Dkt. No. 76.

**viii. *Drevaleva v. Alsup, et al.*, No. 3:21-cv-05348-CRB**

In July 2021, Plaintiff sued Judge Alsup and the U.S. District Court for the Northern District of California based on allegations related to the handling of her prior cases. She asserted claims for deprivation of her purported constitutional right to be a parent, denial of due process, cruel and unusual punishment, slavery and involuntary servitude, defamation, deprivation of unspecified civil rights in violation of § 1983, conspiracy in violation of § 1985, and discrimination based on national origin, as well as unspecified state law claims. Plaintiff's claims were dismissed with prejudice under § 1915 as barred by judicial immunity. *Drevaleva v. Alsup*, No. 21-cv-05348-LB, 2021 WL 3777122 (N.D. Cal. Aug. 9, 2021); *Drevaleva v. Alsup*, No. 21-cv-05348-CRB, 2021 WL 3773628 (N.D. Cal. Aug. 24, 2021). The Ninth Circuit dismissed Plaintiff's appeal as frivolous. *See Drevaleva v. Alsup*, No. 21-17079, ECF Dkt. No. 15 (9th Cir. June 14, 2022).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. ANALYSIS

Defendants argue that Plaintiff's claims are barred by the doctrine of res judicata and sovereign immunity. *See* Dkt. No. 40 at 6–7. Because the Court finds the res judicata issue dispositive, the Court does not reach Defendants' alternative arguments.

### A. Res Judicata

Res judicata, also known as claim preclusion, limits the ability of litigants to relitigate matters. The doctrine "serves to promote judicial efficiency by preventing multiple lawsuits and to enable the parties to rely on the finality of adjudications." *Dodd v. Hood River County*, 136 F.3d 1219, 1224–25 (9th Cir. 1998). Res judicata applies where there is "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016) (quotation omitted). Where these factors are met, res judicata not only bars claims that were actually adjudicated in the prior action, but also *all claims that could have been raised* in that action. *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). Here, the Court finds that all three requirements for res judicata are satisfied.

As an initial matter, the Court notes that Plaintiff styles her complaint as a "Third

Amended Complaint," alleges that the New Mexico district court's ruling in her initial case is "void" and states that she is now allowed to "re-file" her lawsuit. *See* Compl. ¶ 123. Plaintiff thus acknowledges that this case is an attempt to avoid the preclusive effect of that dismissal, affirmed by the Tenth Circuit. *See Drevaleva v. United States Dep't of Veterans Affairs*, No. 21-2139, 2022 WL 2662081 (10th Cir. July 11, 2022). Plaintiff's allegations here are identical to those made in her numerous other cases, all arising from the same employment disputes with the VA and her termination at the VA New Mexico Healthcare System. As this Court—and others—have repeatedly explained, Plaintiff may not relitigate these claims.

**i. Identity of Claims**

Courts determine whether there is an identity of claims by assessing four factors: "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010) (emphasis omitted) (quotation omitted). The first of these factors is the most important. *See Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 917–18 (9th Cir. 2012).

"Whether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and whether they could conveniently be tried together." *ProShipLine*, 609 F.3d at 968 (emphasis omitted) (quotations omitted). The Ninth Circuit has explained that although "[a] plaintiff need not bring every possible claim," "where claims arise from the same factual circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding." *Turtle Island*, 673 F.3d at 918.

Plaintiff's case clearly arises "out of the same transactional nucleus of facts" as her past cases. *See ProShipLine*, 609 F.3d at 968. All of Plaintiff's claims stem from her termination from the VA New Mexico Healthcare System after her six weeks of probationary employment, and all claims arising from these events "could conveniently be tried together." *Id.* While Plaintiff

asserts seventy causes of action, she does not allege any distinct or unrelated facts: instead, she brings the same grievance dismissed in her initial case, *Drevaleva v. U.S. Dep't of Veterans Affairs*, No. 18-cv-03748, and numerous subsequent cases, *see, e.g.*, *Drevaleva v. Glazer*, No. 21-CV-00500-HSG, 2022 WL 767192 (N.D. Cal. Mar. 14, 2022) (dismissing Plaintiff's claims against the United States, the Department of Veterans Affairs, and Secretary McDonough as barred by res judicata).

**ii. Identity of Parties**

Plaintiff's cases also involve the same parties. The United States Department of Veterans Affairs, the Secretary of Veterans Affairs, and the United States have been named repeatedly in Plaintiff's prior cases, including her initial case.

**iii. Final Adjudication of Merits**

While the dismissal of Plaintiff's initial case was a sanction for her misconduct and failure to follow orders, Rule 41 of the Federal Rules of Civil Procedure provides that *any* dismissal—"except one for lack of jurisdiction, improper venue, or failure to join a party," or a dismissal order that specifically states otherwise—"operates as an adjudication on the merits." *See also Azpitarte v. King Cnty.*, 489 F. App'x 230, 231 (9th Cir. 2013) (citing *United States v. $149,345 U.S. Currency*, 747 F.2d 1278, 1280 (9th Cir. 1984), for the proposition that "a sanction dismissal 'is a judgment on the merits within the meaning of Fed.R.Civ.P. 41(b), and operates as res judicata to bar a second suit'").[2]

As this Court has noted, the District of New Mexico's order dismissing Plaintiff's case with prejudice would be toothless if she could simply pursue the same claims in a new action. All claims against the United States, the Department of Veterans Affairs, and the Secretary of Veterans Affairs arising from Plaintiff's denial of leave and ultimate firing in New Mexico could and should have been brought in her first case, and are precluded by its dismissal with prejudice. *See Drevaleva v. Glazer*, No. 21-CV-00500-HSG, 2022 WL 767192, at *6 (N.D. Cal. Mar. 14, 2022). Contrary to Plaintiff's assertion, the New Mexico district court's order is not void, and has

[2] As an unpublished Ninth Circuit decision, *Azpitarte* is not precedent, but may be considered for its persuasive value. *See* Fed. R. App. P. 32.1; CTA9 Rule 36-3.

since been affirmed by the Tenth Circuit. *See Drevaleva v. United States Dep't of Veterans Affairs*, No. 21-2139, 2022 WL 2662081 (10th Cir. July 11, 2022).

The Court **GRANTS** the motion to dismiss on res judicata grounds. Dkt. No. 40. The Clerk is directed to enter judgment in favor of Defendants and to close the case. This order terminates all pending motions as moot.

**IT IS SO ORDERED.**

Dated: 10/26/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California