UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA,<br><br>Plaintiff,<br><br>v.<br><br>DENIS RICHARD MCDONOUGH, et al.,<br><br>Defendants. | Case No. 22-cv-00887-HSG<br><br>**ORDER DENYING MOTIONS TO VACATE**<br><br>Re: Dkt. Nos. 110, 111, 112 |

On October 26, 2022, the Court held that Plaintiff's claims were barred by res judicata, dismissed the complaint, and declared Plaintiff a vexatious litigant. Dkt. Nos. 100, 102. Plaintiff appealed, and the Ninth Circuit affirmed this Court's decision. *Drevaleva v. McDonough*, No. 23-15308, 2024 WL 1342670, at *1 (9th Cir. Mar. 29, 2024). More than a year later, Plaintiff filed three motions to vacate pursuant to Rule 60(b)(6). Dkt. Nos. 110, 111, 112. Plaintiff's motions are convoluted, but they broadly argue that there was no valid final judgment that could trigger claim preclusion, and there were various other procedural defects. *See, e.g.*, Dkt. No. 110 at 18; Dkt. No. 112 at 7.

Rule 60(b)(6) is a "catchall provision" that "has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Washington*, 593 F.3d 790, 797 (9th Cir. 2010) (quotation omitted). "A motion under Rule 60(b) must be made within a reasonable time . . . ." Fed. R. Civ. P. 60(c)(1). And, under Civil Local Rule 7-9, a party seeking reconsideration under Rule 60(b) must file a motion for leave to file a motion for reconsideration, which must specifically show the emergence or discovery of new material facts or law or a manifest failure by the Court to consider facts or

dispositive legal arguments previously presented.

Plaintiff has failed to make the necessary showing under Federal Rule of Civil Procedure 60 (and Civil Local Rule 7-9).  Plaintiff has not complied with the procedural requirements of these rules, and she has not demonstrated anything close to extraordinary circumstances.  She primarily repeats the same arguments that she has previously presented and that this Court and the Ninth Circuit have rejected.  *See Am. Ironworkers & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001) (affirming district court's denial of a motion for reconsideration under Rule 60(b) where the movants "simply reargued their case and offered no basis for withdrawal of the [order]").  The Court reemphasizes that this case is closed, and all pending motions are **DENIED**.  No further filings shall be accepted in this closed case.

**IT IS SO ORDERED.**

Dated:    11/21/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

2